# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### SOUTHERN DIVISION

| | |
|---|---|
| SAVAGE RIVER ENTERPRISES, LLC d/b/a/ SAVAGE RIVER KENNELS, and MELISSA WALTHOUR, | **Case No. 1:25-cv-00177-TRM-CHS** |
| **Plaintiffs,** | **Judge Travis R. McDonough** |
| v. | |
| SINCLAIR BROADCAST GROUP, LLC d/b/a/ WTVC-TV NewsChannel 9, and ANNA CAROLINE "AC" BARKER, | **(Removed from the Circuit Court for Hamilton County, Tennessee; Case No. 25C578)** |
| **Defendants.** | |

## ANSWER

Pursuant to Federal Rule of Civil Procedure 12(a), Defendants, Sinclair Broadcast Group, LLC ("Sinclair Broadcast") and Anna Caroline Barker ("Barker"), provide their Answer to Plaintiffs' Complaint.

## <u>ANSWER</u>

All allegations not expressly admitted are denied, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, or implications contained in Plaintiffs' Complaint. Defendants deny any allegations contained in headings, headers, or unnumbered paragraphs of Plaintiffs' Complaint. In its Memorandum Opinion (D.E. 25), the Court granted in part and denied in part the Defendants' Motion to Dismiss the FAC. As a result, the scope of what should be responded to in this Answer is limited. Defendants further state as follows in response to the Complaint's corresponding numbered allegations:

1

1. Defendants deny the allegations of Paragraph 1 to the extent Plaintiffs allege that the kennel was licensed at all relevant times. Defendants aver that public record licensing records concerning the kennel and official communications from the Georgia Department of Agriculture speak for themselves. Any allegations inconsistent therewith are denied. On information and belief, Defendants otherwise admit the allegations of Paragraph 1.

2. On information and belief, Defendants admit that Ms. Walthour is a trainer for Savage River Kennels.

3. Defendants admit that Sinclair Broadcast Group, LLC is a Maryland limited liability company which owns and operates the television station using call letters WTVC-TV. The registered agent in Tennessee for service of process of Sinclair Broadcast Group, LLC is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

4. Defendants admit that Anna Caroline "AC" Barker ("Barker") is an adult resident of Charleston County, South Carolina, and was employed as a news anchor and reporter for the television station WTVC and formerly was a resident of Hamilton County, Tennessee. Barker does not reside at the address stated in Paragraph 4 of the Complaint, but does not contest service.

5. Defendants do not deny that the Court has subject matter jurisdiction over this dispute. Defendants deny all allegations of misconduct and liability stated in Paragraph 5, and further deny that alleged constitutional actual malice may be imputed. .

6. Defendants aver that Paragraph 6 quotes a statute, which speaks for itself. Any allegations inconsistent therewith are denied.

2

7. Defendants do not deny that this court is the proper venue for this dispute, having been properly removed from state circuit court to federal district court.

8. Defendants aver that Exhibit A speaks for itself. Any allegations inconsistent therewith are denied. Defendants deny the allegations made in Exhibit A concerning the content of the news reports at issue, including allegations that such news reports contained "false, misleading, and/or defamatory statements." All remaining allegations in Paragraph 8 are denied.

9. Defendants incorporate their responses and objections to the foregoing paragraphs as if set forth fully herein.

10. Denied as stated. On information and belief, Savage River Kennels, LLC ("Savage River") owns and operates the kennel at issue and Ms. Walthour is a trainer at the kennel.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, deny them.

12. Defendants aver that the identified news report speaks for itself. Any allegations inconsistent therewith are denied.

13. Defendants aver that the identified news report speaks for itself. Any allegations inconsistent therewith are denied. Defendants deny any allegation that the reporting was false or defamatory.

14. Defendants aver that any alleged social media posts or other publications, speak for themselves. Any allegations inconsistent therewith are denied. Defendants deny any allegation that the reporting was false or defamatory.

3

15. Defendants aver that the identified media speak for themselves. Plaintiffs have not identified any "radio news segment." Any allegations inconsistent therewith are denied. Defendants deny any allegation that the reporting was false or defamatory.

16. Defendants aver that the identified media and public record licensing records and communications by the Georgia Department of Agriculture with Plaintiffs speak for themselves. Plaintiffs received actual notice that the licensure of Savage River Kennels had lapsed, and such licensure was not in good standing as of January 22, 2024. Any allegations inconsistent therewith are denied. Defendants deny any allegation of "misreporting".

17. Defendants deny the allegations of Paragraph 17. Paragraph 17 is a legal conclusion for which no response is required.

18. Defendants aver that the identified letter speaks for itself, as do the media referenced therein and in Paragraph 18. Plaintiffs have not identified any "radio news segment." Any allegations inconsistent therewith are denied. Defendants deny the allegations contained in the identified letter and that any reporting was false and misleading, as alleged.

19. Defendants deny the allegations of Paragraph 19. In addition, the statement of Plaintiffs' own counsel was published.

20. Defendants deny that any statements in the news reporting were false or defamatory under applicable law. On information and belief, Defendant Sinclair Broadcast's news broadcasts are available for viewing in portions of Tennessee and Georgia. Its online reporting, like anything else on the internet, is viewable by individuals outside the local television broadcast area.

21. Defendants deny the allegations of Paragraph 21.

4

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and, therefore, deny them. Defendants deny any liability for Plaintiffs' alleged damages.

23. Denied as stated. Defendants deny that any of the news reporting was false, defamatory, required "any retraction, correction, or apology," or required taking down, as alleged. Defendants admit that certain online news reports remain available online.

24. Defendants deny that any news reporting was "unsubstantiated." Defendants admit on information and belief that the Schilds boarded their dog Nala for a training program for most of the month of February 2024.

25. Defendants aver that the identified agreement speaks for itself. Defendants admit that the identified agreement appears to have been signed. Plaintiff Walthour has been identified as a trainer for Savage River Kennels. Any allegations inconsistent therewith are denied.

26. Defendants aver that the identified agreement speaks for itself. Defendants admit that the identified agreement appears to have been signed. Any allegations inconsistent therewith are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 concerning what Mr. Schild understood at the time of the referenced agreement and, therefore, deny them. Defendants refer to the Answer and Counterclaim filed by Mr. Schild in the state court lawsuit filed against him.

27. Defendants aver that the identified agreement speaks for itself. Any allegations inconsistent therewith are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 concerning what Mr. Schild

5

understood at the time of the referenced agreement and, therefore, deny them. Defendants refer to the Answer and Counterclaim filed by Mr. Schild in the state court lawsuit filed against him.

28. If such a writing exists, Defendants aver that it speaks for itself. Any allegations inconsistent therewith are denied.

29. Defendants aver that the referenced videos and photographs speak for themselves. Defendants deny that Plaintiffs' social media posted would have shown a pregnancy or exposure to giardia. Any allegations inconsistent therewith are denied.

30. If such a text message exists, Defendants aver that it speaks for itself. Any allegations inconsistent therewith are denied.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and, therefore, deny them.

32. On information and belief, Defendants admit that Steven Schild contacted Melissa Walthour, but lack knowledge or information sufficient to form a belief as to the truth of the date alleged.

33. On information and belief, Defendants admit the allegations of Paragraph 33.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and, therefore, deny them.

35. Defendants aver that the identified agreement speaks for itself. Any allegations inconsistent therewith are denied.

6

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and, therefore, deny them.

37. On information and belief, Defendants admit that Savage River denied Mr. Schild's request for a refund. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37 and, therefore, deny them.

38. Defendants aver that the paragraph references a documented inspection. Any allegations inconsistent with the relevant inspection report are denied.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and, therefore, deny them.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and, therefore, deny them.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and, therefore, deny them.

42. Defendants aver that Paragraph 42 refers to a written communication between Mr. Schild and Ms. Walthour, which speak for themselves. Any allegations inconsistent therewith are denied.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, deny them.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 and, therefore, deny them.

7

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and, therefore, deny them.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 and, therefore, deny them.

47. Denied as stated. Defendants on information and belief admit that Mr. Schild at some point informed Plaintiff Walthour of his belief that Nala contracted giardia while boarding at Savage River, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 and, therefore, deny them.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and, therefore, deny them.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 and, therefore, deny them.

50. Defendants admit the alleged time of publication and that, as shown in the broadcast news report, Mr. Schild contacted and spoke with Defendants concerning his side of the story, which was published with Plaintiffs' side of the story. Defendants deny the allegations of Paragraph 50 to the extent Plaintiffs assert that Defendants reported false and misleading statements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 50 that Mr. Schild also contacted other news media and, therefore, deny them.

51. Defendants admit that Ms. Barker communicated with Mr. Schild in connection with the news reporting at issue, as shown by his inclusion in the news broadcast. Defendants

8

deny the allegations of Paragraph 51 to the extent Plaintiffs assert that Defendants reported false and misleading statements.

52. Denied as stated. Defendants deny all allegations that Defendants' reporting was false, defamatory, and reckless. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52 and, therefore, deny them.

53. Defendants deny the allegations of Paragraph 53. Plaintiffs' contention contradicts information provided by the Georgia Department of Agriculture.

54. Defendants aver that the news report speaks for itself. Any allegations inconsistent therewith are denied. On information and belief, based upon public records, Defendants admit that the kennel was inspected on May 1, 2024. Defendants aver that those records speak for themselves. Any allegations inconsistent therewith are denied.

55. Defendants aver that the referenced documents concerning scores for the kennel at issue speak for themselves. Any allegations inconsistent therewith are denied.

56. Defendants admit the allegations of Paragraph 56.

57. Denied as stated. Defendants admit that Ms. Barker attempted to visit the kennel, having contacted Ms. Walthour, and that Ms. Walthour declined to speak. However, Plaintiffs provided a written statement through their counsel which was included in the news reporting. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57 and, therefore, deny them.

9

58. Defendants aver that the news report and article speak for themselves. The news stories reported both sides of this public controversy. Any allegations inconsistent therewith are denied. Licensing records concerning the kennel speak for themselves. Any allegations inconsistent therewith are denied. Defendants deny that the news article contained any false statements, as alleged.

59. Defendants admit a written news story based on the news broadcast was posted on WTVC's website, and that the news story was included on the station's YouTube channel and social media.

60. Defendants admit that WTVC NewsChannel 9 is operated by Sinclair Broadcast Group and that Sinclair Broadcast Group operates other television stations in the United States. Defendants aver that the news article speaks for itself. Any allegations inconsistent therewith are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 and, therefore, deny them.

61. Defendants aver that any referenced social media or other comments speak for themselves. Any allegations inconsistent therewith are denied. Defendants deny that any of their reporting at issue was "baseless," or that they are liable for alleged third party comments. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 61 and, therefore, deny them.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 and, therefore, deny them.

10

63. Defendants deny the allegations of Paragraph 63. Defendants deny any liability to Plaintiffs.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 and, therefore, deny them. Defendants deny any liability to Plaintiffs.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and, therefore, deny them.

68. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 and, therefore, deny them. Defendants deny any liability to Plaintiffs.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 and, therefore, deny them. Defendants deny any liability to Plaintiffs.

70. Defendants deny the allegations of Paragraph 70. Defendants deny any liability to Plaintiffs.

71. Defendants admit that a retraction was not issued regarding the challenged news reports, nor was a retraction merited. The challenged news reports reported both sides of a public

11

controversy. After Savage River's licensure was renewed in early May 2024, WTVC published a follow up news story.

72. Defendants incorporate their responses and objections to the foregoing paragraphs as if set forth fully herein.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76.

77. Defendants deny the allegations of Paragraph 77.

78. Defendants deny the allegations of Paragraph 78.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80.

81. Defendants deny the allegations of Paragraph 81.

82. Defendants incorporate their responses and objections to the foregoing paragraphs as if set forth fully herein.

83. Defendants deny the allegations of Paragraph 83.

84. Defendants deny the allegations of Paragraph 84.

12

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

92-98. The Court dismissed Count III, comprised of Paragraphs 92-98 of the Complaint, on December 15, 2025. (D.E. 25.) Accordingly, no response is required to Paragraphs 92-98.

99. Defendants deny that Plaintiffs are entitled to any of their requested relief. Each and every allegation of the Complaint not specifically admitted is hereby denied.

## ADDITIONAL DEFENSES

Defendants assert the following Additional Defenses to the remaining claims raised in Plaintiffs' Complaint. Defendants do not assume the burden of proof on these defenses where substantive law provides otherwise.

1. Defendants incorporate herein as additional defenses the grounds for dismissal set forth in their Motion to Dismiss pursuant to Fed. R. 12(b)(6), Memorandum of Law in support thereof, and Reply Memorandum in support thereof. (D.E. 9, 10, 20.)

2. The Complaint fails to state a claim upon which relief may be granted.

13

3. Plaintiffs' claims are barred by the First Amendment to the United States Constitution and/or similar provisions in applicable state constitutions.

4. Defendants preserve any and all reporters' privileges and protections under the Tennessee Shield Law or counterpart statutes of other states, federal and state constitutions, and common law.

5. Defendants deny that any of the news reports at issue contain actionable statements of fact of and concerning either Plaintiff.

6. The challenged news reports are true or substantially true.

7. Defendants deny that any of the news reports at issue contain actionable statements of fact which are false and defamatory and which were allegedly published with the requisite degree of fault, or which constitute "false light" and which were allegedly published with the requisite degree of fault.

8. The news reports at issue are subject to and protected by the absolute and/or qualified privileges that they concerned news, matters of public interest, matters of public record, matters regarding official actions and proceedings, and/or fair comment.

9. Due care was exercised at all times.

10. The news reports reported both sides of a public controversy. The news reports included Mr. Schild's position, some of which is based on non-actionable statement of opinion and/or hyperbole, as well as Plaintiffs' position and/or denials.

11. Plaintiff cannot satisfy the applicable standard of constitutional "actual malice," as that standard is defined in *New York Times v. Sullivan*, 376 U.S. 254 (1964) and *Press, Inc. v. Verran*, 569 S.W.2d 435 (Tenn. 1978). The news reports were not published with the knowledge that they contained any false and defamatory statements of fact or with reckless disregard for their truth.

14

The news reports did not publish any material holding Plaintiffs in a "false light" with the alleged requisite degree of fault.

12. While acknowledging that the Tennessee Supreme Court has allowed a claim for "false light invasion of privacy," several other states have disallowed such a separate cause of action as overlapping with the claims of libel or slander, while failing to provide the full breadth of protection that is constitutionally required. Defendants reserve the right to challenge such a cause of action here.

13. Ms. Walthour has attempted to state a claim for "false light invasion of privacy," but has failed to do so. The news reports at issue involved a matter of public interest, and this case must be judged under the heightened constitutional "actual malice" standard. To the extent Ms. Walthour was identified in any of the news reports, the mention was not false.

14. Defendants demand proof of any purported actual damages as a result of each and every challenged statement. The Complaint fails to plead special damages with specificity. Defendants deny that any of their actions were the proximate cause of alleged damages claimed by Plaintiffs.

15. Plaintiffs' claims are barred in whole or in part because there is no legal or factual basis for an award of punitive damages and any such award would not be constitutionally permissible. Defendants deny that Plaintiffs are entitled to any relief, including an award of compensatory or punitive damages. If damages are awarded, however, Defendants assert as defenses any statutory limitation on damages, including Tenn. Code Ann. §§ 29-39-102 and 29-39-104, and any constitutional limitation on punitive damages, including the Due Process clause of the Fourteenth Amendment. Plaintiffs' claim for punitive damages is further barred because the challenged statements cannot be the basis for a claim of exemplary or punitive damages as a matter

15

of law because they were not published with both knowledge or falsity or reckless disregard of probable falsity, and common law malice.

16. To the extent any consideration is given to Plaintiffs' request for punitive damages, Defendants are entitled to a bifurcated proceeding. Further, Defendants preserve the defense that Plaintiffs do not have a constitutional right to a jury trial on the punitive damages claim. Defendants further asserts that in addition, and/or in the alternative, any claim for punitive damages arises under Tennessee law. Plaintiff's claims of enhanced damages or punitive damages or penalties are also unconstitutional under the United States Constitution, including the Fifth, Eighth, and Fourteenth Amendments, and under Tennessee law. Plaintiff has failed to state a claim entitling it to punitive damages against the Defendants pursuant to *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). Further, the Defendants submit that the claim for punitive damages cannot be maintained because it violates the United States and/or Tennessee Constitutions, and/or the common law or the public policies of the United States and/or the State of Tennessee. By reason of the First, Eighth, and Fourteenth Amendments to the Constitution of the United States, the Defendants are immune from liability for punitive or exemplary damages under Plaintiffs' averments in the Complaint.

17. Plaintiffs' claims are barred in whole or in part by the incremental harm doctrine. Without admitting any fault on the Defendants' part (which liability is expressly denied), the damages (if any, and which are expressly denied) must be determined under the incremental harm doctrine.

18. Plaintiffs' claims are barred in whole or in party because any injuries or damages Plaintiffs incurred (which Defendants expressly deny) were solely, proximately, directly and/or in part caused by acts, publications, and/or statements of others over which Defendants exercised no

control and/or was entitled reasonably to rely (and did so rely), including but not limited to the Plaintiffs' own action and inaction.

19. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate any alleged injury or damages (the existence of which Defendants expressly deny).

20. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

21. On information and belief, Savage River's licensure by the Georgia Department of Agriculture had lapsed and was not in effect during Nala's boarding. Further, Plaintiffs had received actual notice from the State of Georgia of this lapse in licensure at least by January 2024, and were aware of that fact in making their inaccurate allegations to the contrary in the Complaint.

22. On information and belief, the Schilds' dog Nala was impregnated while being boarded/trained at Savage River.

23. On information and belief, the Schilds' dog Nala was exposed to giardia while being boarded/trained at Savage River.

24. Defendants submit that Plaintiffs' Complaint establish their public figure status, and that discovery will further establish that status. Defendants preserve all defenses and protections regarding Plaintiffs' status as a public figure or limited-purpose public figure.

Defendants reserve the right to assert additional defenses. Defendants further reserve the right to assert any and all additional claims, to amend the Answer, and to file further pleadings.

**WHEREFORE,** Defendants respectfully request that this action be dismissed with prejudice. Defendants further request that all costs in this action and all expenses incurred by them, including attorney's fees if and to the fullest extent permitted under applicable law and court

17

rule, be assessed against Plaintiffs and that all court costs be assessed against Plaintiffs. Defendants further request that they be granted such other relief as the Court deems just and proper.

HOLLAND & KNIGHT LLP

s/ Todd R. Hambidge
Robb S. Harvey (TN BPR 011519)
Todd R. Hambidge (TN BPR 028671)
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Tel. 615.244.6380
Robb.Harvey@hklaw.com
Todd.Hambidge@hklaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2026, a copy of the foregoing was filed electronically using the Court's Electronic Case Filing (ECF) system. A copy of the foregoing is anticipated to be sent to the undersigned counsel through the Court's ECF system:

James R. McKoon
Kyle Sellers McGuire
McKoon, Williams, Atchley & Stulce, PLLC
633 Chestnut Street, Suite 1500
Chattanooga, TN 37450
jmckoon@mwalawfirm.com
kmcguire@mwalawfirm.com

s/ Todd R. Hambidge

18